Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| CHARMING BEATS LLC, | Case No.: 21-cv-6444 |
| Plaintiff, | **ECF CASE** |
| v. | **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT** |
| APPLE, INC. and MEDIALAB AI INC., | |
| Defendants. | |

-----------------------------------------------------------------x

Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendants APPLE, INC. ("APPLE") and MEDIALAB AI INC. d/b/a GENIUS MEDIA GROUP ("MEDIALAB") for damages based on copyright infringement, contributory copyright infringement, and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

**JURISDICTION AND VENUE**

1.      This court has Subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

## SPECIFIC JURISDICTION

2. Defendant APPLE maintains a headquarters in New York City at 401 W 14th St, New York, NY 10014.

3. Defendant MEDIALAB operates through its brand GENIUS MEDIA GROUP and maintains a headquarters in this Judicial District at 184 Kent Avenue, No. C702, Brooklyn, NY 11249.

4. This Court has jurisdiction over both defendants pursuant to CPLR § 301.

5. Defendant APPLE provides its interactive streaming service and platform to individuals located in New York and New York residents, and it has targeted business efforts into this judicial district and has entered into multiple agreements for its interactive streaming services with residents and citizens of this judicial district.

6. Upon information and belief, Apple has thousands of registered users in New York.

7. In addition to employing New York residents in its New York corporate office, defendant APPLE advertises, solicits clients, and conducts substantial amounts of business in the state of New York and within this district. Defendant APPLLE also has locations all over New York,

8. Alternatively, defendant APPLE is nondomiciliary headquartered in Cupertino, CA.

9. Plaintiff is the exclusive owner of all rights to the copyrighted recording and composition "*Anything You Synthesize*" – U.S. Copyright Registration No. SR 713-287 (the "Copyrighted Track").

10. Defendant APPLE advertised its Apple Music streaming service with an unlicensed reproduction of an infringing derivative of the Copyrighted Track (the "Infringing Advertisement").

11. This is a tort committed without the state.

12. Defendant APPLE, without a license or authority, distributed the Infringing Advertisement to various websites. The Infringing Advertisement was, and is, being displayed on these websites despite two DMCA Take-Down Notices.

13. Defendant APPLE was put on notice of its infringing activity, but elected to infringe after each notice.

14. Plaintiff was injured in New York State in multiple way. Plaintiff lost the licensing revenue, owed to plaintiff in the State of New York. The Copyrighted Track was devalued by its association with the infringing derivative. Plaintiff's ability to license the Copyrighted Track, from New York State, to New York based companies, has been impaired by defendants.

15. The Copyrighted Track at issue here was used by defendant APPLE to entice the 169,000 viewers of the lyrics to the subject infringing derivative to join defendant APPLE's Apple Music subscription service.

16. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

17. The copyright for the Copyright Track was registered in the United States Copyright Office prior to the infringement.

18. A copy of the certificate issued by the U.S. Copyright Office is annexed and incorporated hereto respectively as **Exhibits 1**.

## VENUE

19. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(3).

## DUE PROCESS

20. There are no due process concerns in light of the fact that defendants are domiciled in this Judicial District.

21. Upon information and belief, defendants frequently contracts with companies in this Judicial District such that they reasonably know they may be haled into this forum.

## PARTIES

22. Plaintiff CHARMING BEATS LLC is a limited liability company organized under the laws of New York with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

23. Upon information and belief, defendant APPLE, INC. is a corporation organized and existing under the laws of the State of California but operates in all 50 states and has numerous offices, stores, and employees in New York.

24. Upon information and belief, defendant APPLE owns and operates the Apple Music streaming service. Apple Music has no independent operation. Instead, it is completely controlled in every manner by defendant APPLE.

25. Upon information and belief, defendant MEDIALAB AI INC. d/b/a GENIUS MEDIA is a corporation formed under the laws of the state of Delaware, with a headquarters located at 1240 Morningside Way, Venice CA 90291. MEDIALAB can be served through its registered agent C T Corporation System, 330 N Brand Blvd., STE 700, Glendale, CA, 91203.

26. Defendant MEDIALAB owns and operates GENIUS MEDIA GROUP which maintains a headquarters at 184 Kent Avenue, No. C702, Brooklyn, NY 11249.

**FACTS**

27. Plaintiff is the sole owner by assignment of an original musical composition and recording titled *Anything You Synthesize,* U.S. Copyright Registration No. SR 713-287. See **Exhibit 1.**

28. The two managing (and only) members of plaintiff are the sole authors of the Copyrighted Track.

29. Defendant APPLE's product Apple Music is a music and video streaming service developed, owned and operated by defendant APPLE. Users, for a monthly subscription fee, select music to stream to their device on-demand, or they can listen to existing, curated playlists.

30. Defendant APPLE's Apple Music streaming service claims it has a library of seven million songs and approximately 60 million monthly subscribers worldwide. It is the most popular paid streaming service in the United States, beating out Spotify and other digital streaming platforms.

31. Defendant MEDIALAB is a holding company of consumer internet brands including GENIUS MEDIA GROUP which is at issue here.

**THE INFRINGING DERIVATIVE**

32. This matter involves an infringing derivative of the Copyrighted Track titled "*Caramelo*".

33. "Caramelo" is a musical composition and recording that consists of a musical component which is an unlicensed reproduction of the Copyrighted Track, and lyrics performed over the Copyrighted Track by the French "rapper" Ninho (the "Infringing Derivative").

5

34. The Copyrighted Track runs from the beginning to the end of the First Infringing Derivative.

35. Over 38% of the First Infringing Derivative is just the First Copyrighted Track with no lyrics.

36. In 2017, after a very public lawsuit filed by plaintiff's predecessor in interest against Warner Music Group titled *Yesh Music, LLC v. Warner Music Group Corp*., 2019-cv-7832 (E.D.N.Y.) (the "Warner Action"), all uploads of the First Infringing Derivative were removed from every digital service provider (except defendant's).

37. The Infringing Derivative infringes on plaintiff's rights to reproduce and create derivative works as set forth in 17 U.S.C. § 106.

## RELEVANT FACTS

38. Defendant MEDIALAB owns and operates the brand Genius Media, which is an Internet based entity located at <www.genius.com>.

39. Defendant MEDIALAB purchased Genius Media for a reported eighty million dollars.

40. Genius Media provides the lyrics for millions of songs.

41. The two major revenue streams for Genius Media are from: (i) the advertising on the website, and (ii) a deal with defendant APPLE.

42. The deal between defendant MEDIAL LAB and Defendant APPLE allows defendant APPLE, for a substantial fee, to place below the lyrics for each song on the <www.genius.com> website, a reproduction of the actual song associated with the lyrics.

43. For example, if the user searched the GENIUS WEBSITE for the lyrics for the artist Adele's song "To Be Loved", below the lyrics would appear a bottom banner that allows

the user to play the first 30 seconds of the song, and an advertisement for defendant APPLE's music subscription service.



44.     If the user wants to listen to the entire song, a button is available that connects the user to defendant APPLE's music subscription service Apple Music, and an offer to listen to millions of songs for free for three months, and a subscription rate of $9.99 after the three-month period.



7

## DEFENDANTS' INFRINGING ACTS

45. Defendant MEDIALAB's brand Genius Media has a webpage with the lyrics for the Infringing Derivative located at <https://genius.com/Ninho-caramelo-lyrics> (the "Genius Webpage").

46. The Genius Webpage has been viewed 169,000 times as per the statistics listed on the website.



47. At the bottom of the Genius Webpage is a permanent advertisement for defendant APPLE's Apple Music subscription service, and an unlicensed copy of the Infringing Derivative (the "Infringing Advertisement").



48. Defendant MEDIALAB credited the plaintiff as one of the authors of the Infringing derivative.



49. The Infringing Advertisement is at the bottom of every section of the Genius Webpage.

50. The video that appears in the Genius Webpage screenshot is a video of the performer DeeBaby saying "If you want to listen to the full song, clink on the link for Apple Music."



DeeBaby

51. DeeBaby is the notorious performer that has been widely criticized for his transphobic statements.

9

52. Defendants have forced an association of the Copyrighted Track with transphobia which has damaged the Copyrighted Track.

53. The 169,000 viewers of the Genius Webpage can play the first 30 seconds of the Infringing Derivative.

54. If the 169,000 viewers of the Genius Webpage viewers wants to listen to the full Infringing Derivative, the user can click on the Infringing Advertisement which takes the user to the Apple Music website at <https://music.apple.com/us/listen-now?ign-itscg=30200&ign-itsct=genius_webtracking&mttnsubad=20211120_1x183_o3zpm9_w-d_d-c_US>.

55. A true and correct copy of the screen-shot for the webpage <https://music.apple.com/us/listen-now?ign-itscg=30200&ignitsct=genius_webtracking&mttnsubad=20211120_1x183_o3zpm9_w-d_d-c_US> is below.



56. Ninho, the French rapper that performed the lyrics over the Copyrighted Track is incredibly popular. To put the popularity of the Infringing Derivative in perspective, there have been 169,000 views of the Genius Webpage. The Rolling Stones seminole classic Satisfaction

has been viewed 173,000. Other Rolling Stones songs like Start Me Up, Under My Thumb and Jumping Flash have only been viewed between 58,000 and 83,000 times.

57. It is highly likely a large number of the 169,000 Genius Webpage viewers clicked on the Infringing Advertisement promising the user the full version of the Infringing Derivative because no other streaming service in the world has the Infringing Derivative in its library.

58. Defendant APPLE's promise that the full version of the Infringing Derivative can be streamed on its service is quite enticing.

59. Defendant APPLE's representation, however, is a false and misleading advertisement.

60. Plaintiff joined defendant APPLE's Apple Music streaming service to listen to the Infringing Derivative.

61. Only after plaintiff joined defendant APPLE's Apple Music streaming service, defendant APPLE informed plaintiff that the Infringing Derivative was not available



62. Defendant APPLE knew at all times that the Infringing Derivative was not in its Apple Music streaming service, but it elected to falsely advertise in order to mislead users into joining its service.

63. Without a license or authority, defendants elected to publicly display, and advertised the Infringing Derivative for the sole purpose of financial gain.

## UNIQUE ELEMENTS CONTAINED IN THE
## 30 SECOND INFRINGING ADVERTISEMENT

64. The Copyrighted Track is identifiable in the first few seconds of the 30 second Infringing Advertisement.

65. The delayed snare beat found at :02 and :20 of the Infringing Advertisement is unique to the Copyrighted Track

66. The entire 30 second Infringing Advertisement contains the unique melody line of the iconic electric piano riff that the Copyrighted Track is known for.

67. The ambient synthesizer which plays from :20 to :30 is unique to the Copyrighted Track.

68. The overall musical composition of the :30 Infringing Advertisement contains every element that identifies the Copyrighted Track.

69. Well-known companies like Yeti Coolers, Major League Baseball, Go Pro Cameras, Apeman, and Ball State University, among many others, have used the same 30 seconds of the Copyrighted Track in national commercials and television programs.

## NOTICE

70. Despite the fact that the Infringing Advertisement is not subject to the DMCA, plaintiff offered each of the defendants the opportunity to remove the Infringing Advertisement by serving DMCA Take-Down Notices on each defendant.

71. On or about November 12, 2017, defendant APPLE was served with a DMCA Take-Down Notice for the Infringing Derivative. See **Exhibit 2**.

72. On November 14, 2017, defendant APPLE replied that the Infringing Track was removed from its library. See **Exhibit 3**.

73. On November 17, 2021 a second demand to cease-and-desist and DMCA Take-Down Notice was served on defendant APPLE. See **Exhibit 4**.

74. Defendant APPLE responded on November 18, 2021 and demanded plaintiff use a different form. See **Exhibit 5**.

75. Plaintiff also sent a demand to cease-and-desist and DMCA Take-Down Notice to defendant APPLE at <copyrightagent@apple.com>. See **Exhibit 4**.

76. Defendant APPLE responded from <copyrightagent@apple.com> stating that plaintiff should submit the request to the same email address <copyrightagent@apple.com>. See **Exhibit 6**.

77. Despite the prior DMCA Take-Down Notice, and unnecessary further notices, defendant APPLE refused to comply.

78. As of the date of this Complaint, the Infringing Advertisement is active and available to the public.

79. On November 18, 2021, plaintiff also served a DMCA Take-Down Notice on defendant MEDIALAB. See **Exhibit 7**.

80. Defendant MEDIALAB elected to ignore the DMCA Take-Down Notice, and the Infringing Advertisement is still active on the date of this Complaint.

81. Both defendants elected to continue in infringe.

82. Defendants infringed plaintiff's exclusive rights as set forth in Section 106 of the Act, directly and indirectly, and their knowledge of their infringing conduct and failure to

comply with multiple notices entitles plaintiff to an enhanced statutory damage award against each defendant as set forth in Section 504(c) of the Act.

83. Defendants' acts demonstrate the callous disregard the defendant has to its legal responsibilities, and only an award at the top of the statutory scale will serve to stop defendant from routinely violating plaintiff's and other artists' rights.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

84. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

85. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Track.

86. Defendants without authority from plaintiff, reproduced, and/or publicly displayed, plaintiff's Copyrighted Track in its entirety to the Infringing Advertisement.

87. Defendants created and displayed the Infringing Advertisement for the sole purpose of commercial gain.

88. Defendants refused to cease-and-desist after multiple demands from plaintiff, directly and through counsel.

89. Defendants' use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

90. Defendants' use was not transformative.

91. Defendants elected to reproduce, and publicly display the key elements of the Copyrighted Track without a license.

92. As a direct and proximate result of defendants' infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has

incurred damages, and requests an award of defendants' profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees. Plaintiff may also elect to recover a statutory damage award against each defendant pursuant to 17 U.S.C. § 504(c)(2) for their willful infringement/reckless disregard of plaintiff's rights of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against Apple Only)

93. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

94. Defendant APPLE, without license or authority, reproduced the Copyrighted Track and distributed the Copyrighted Track (in the form of the Infringing Advertisement) to defendant MEDIALAB.

95. Defendant APPLE provided material support for defendant MEDIALAB's infringement.

96. Defendant APPLE substantially profited from the infringement of defendant MEDIALAB.

97. As a direct and proximate result of defendant APPLE's contributory infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendant APPLE's profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees. Plaintiff may also elect to recover a statutory damage award pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of plaintiff's rights of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, and awarding plaintiff as follows:

1. restitution of defendants' unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. reasonable attorneys' fees and costs (17 U.S.C. § 505);

5. pre- and post-judgment interest to the extent allowable; and,

6. such other and further relief that the Court may deem just and proper.

7. Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: November 20, 2021  **GARBARINI FITZGERALD P.C.**
New York, New York

By: *[signature]*
Richard M. Garbarini (RG 5496)